UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIELLE MCVEA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO: 1:20-cv-934 |
| ) | |
| ANTHEM, INC. ) | |
| ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Danielle, McVea, hereinafter McVea, by counsel, pursuant to Rule 3, Fed. R. Civ. P., and files her Complaint against the Defendant, Anthem, Inc., hereinafter Defendant, and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought, and jurisdiction lies pursuant to §28 U.S.C. § 1331, 1332, 1337, 1343 and 1345 and 29 U.S.C.§§201 et.seq. This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 et. seq.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391(b)(2).

3. This Court has Supplemental jurisdiction over any state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same

transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over any state law matters alleged in this Complaint.

## PARTIES

4. McVea, is an African American, female citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title.

5. At all times relevant hereto, McVea was an "employee" of the Defendant, as that term is defined in Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(f), and/or the Indiana Civil Rights Law, Ind. Code § 22-9-1-3(i).

6. At all times relevant hereto, McVea was an "exempt employee" of the Defendant, as that term is defined in the Fair Labor Standards Act of 1938, 29 U.S.C. §213(a)(1),

7. The Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

8. At all times relevant hereto, the Defendant was an "employer" as that term is defined in Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(b), and/or the Indiana Civil Rights Law, Ind. Code § 22-9-1-3(h) and the Fair Labor Standards Act of 1938, §203(d).

## ADMINISTRATIVE PROCEDURES

9. On or about August 2, 2019, McVea filed charges of Race Discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") Charge Number 470-2019-03696.

10. On or about August 28, 2019, McVea amended her Charge.

11. On or about December 23, 2019, McVeaMcVea received a Notice of Right to Sue from the EEOC for Charge Number 470-2019-03696, entitling her to commence action within ninety (90) days of her receipt of the Notice. A copy of the Notice is attached hereto.

12. The Complaint in this matter is being filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

### FACTS

12. The Defendant hired McVea in June 2008.

13.  In June 2011, McVea was promoted to the position of Business Consultant in the Recovery Identification and Analytics Unit and worked in that position until terminated.

14. Throughout her employment with Defendant, McVea met or exceeded Defendant's legitimate expectations of performance.

15. On July 26, 2019 Defendant terminated McVea for what she believes was failing to "clock in and out."

16. As an exempt employee, McVea was not required to clock in and out and she routinely worked numerous hours outside of the regular 9-5 business day, and in excess of Forty hours a week but was never paid overtime.

17. During her employment, McVea completed Leadership Development Training and obtained her MBA with a specialization in Healthcare and Coding.

18. Despite obtaining these additional credentials, McVea was overlooked for entry-level and Senior Manager positions.

19. At the time of her termination, there were no African Americans in her department in an entry-level or Senior Manager position.

20. On or around May 01, 2019, Dawn Leno "Leno" was moved from the East Region to fill an open management position for which McVea had inquired about filling but was told by Ms. Moore that she would not be considered for because she "sees" McVea as a "doer."

21. Leno brought two Caucasian employees with her for positions which were not open or posted.

22. After Leno arrived, she began to harass McVea and created a very hostile work environment. After speaking with Leno about the harassment, clearly describing how she treated McVea's Caucasian co-workers Dawn Woods and Carrie Hughes differently than she treated McVea, Leno singled McVea out and tracked her attendance accusing McVea of having untracked time.

23. As a salaried employee, this was clear retaliation as no other salaried employee's time is tracked.

24. Nonetheless, McVea provided Leno the evidence needed to prove her whereabouts on the dates and time in question indicating that she was on conference calls or training other team members and thought the issue was resolved.

25. McVea then complained to HR about the treatment I was experiencing from Leno via the associate Relations Resolutions Team. In the message, McVea indicated that she was afraid because she had already been retaliated against for questioning why she had not been considered for the open management position and now Leno was currently harassing her.

26. Two days after sending this complaint to HR via the Associate Relations Resolutions Team, McVea was terminated based on the prior attendance issue which was demonstrated to be untrue and "conduct."

27. McVea has never had a write-up, been placed on a Performance Improvement Plan or complaint of conduct throughout her employment.

28. McVea believes Leno knew she contacted HR because of Leno's ability to track and monitor computer activity via the IT tracking tool which monitors all computer activity.

29. McVea was terminated and denied promotions based on her race, African American, and retaliated against in violation of the Civil Rights Act of 1964, as amended.

30. McVea, an exempt employee, hours were tracked and she was treated and terminated for failing to report hours as if she were non-exempt in violation of the Fair Labor Standards Act.

31. Defendant treated McVea as if she were a non-exempt employee but failed to pay her overtime for all hours she worked in excess of 40 hours, in violation of the Fair Labor Standards Act.

32. McVea was treated differently by Defendant due to her race.

## COUNT I

## DISCRIMINATION ON THE BASIS OF RACE

33. McVea hereby incorporates by reference paragraphs 1 through 32 as though previously set out herein.

34. The Defendant discriminated against McVea due to her race.

35. The Defendant did not terminate or discipline any Caucasian employees in her office for violating the same "company policy" for which McVea was terminated.

36. The Defendant offered more favorable terms of employment to Caucasian employees.

37. The Defendant's reason for terminating McVea is a pretext for discrimination due to her race.

38. By the conduct described hereinabove, the Defendant has willfully and intentionally, with malice or reckless disregard of McVea's rights as an African American employee, engaged in unlawful and discriminatory employment practices, in violation of Title VII.

39. McVea has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

## RETALIATION

40. McVea hereby incorporates by reference paragraphs 1 through 39 as though previously set out herein.

41. The Defendant retaliated against McVea for complaining about race discrimination to her immediate supervisor by singling her out and accusing her of not accurately reporting her time.

42. The Defendant retaliated against McVea for reporting the discrimination and retaliation to Human Resources by terminating her two days after making said report.

43. The Defendant's reason for terminating McVea is a pretext for discrimination due to her race and in retaliation for reporting said discrimination.

44. By the conduct described hereinabove, the Defendant has willfully and intentionally, with malice or reckless disregard of McVea's rights as an African American employee, engaged in unlawful and discriminatory employment practices, in violation of Title VII.

45. McVea has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT III

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

46. McVea hereby incorporates by reference paragraphs 1 through 45 as though previously set out herein.

47. The Defendant violated the Fair Labor Standards Act by monitoring her time as if she were required to "clock in and out" as non-exempt employees.

48. The violated the Fair Labor Standards Act when it terminated her for "failing to account for her time" even after McVea provided proof of being on conference calls or training.

49. The Defendant violated the Fair Labor Standards Act when it failed to pay McVea for overtime after its actions in monitoring her time made he a non-exempt employee.

## REQUESTED RELIEF

WHEREFORE, McVea, respectfully requests that this Court enter judgment in her favor and:

a. Order Defendant to pay McVea her lost wages, unpaid bonuses and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which she would have been entitled but for Defendnat's unlawful actions, or front pay in lieu of reinstatement;

c. compensatory damages;

d. punitive damages;

e. liquidated damages;

      f. lost future wages;

      g. All costs and attorney's fees incurred as a result of bringing this action;

      h. Payment of all pre- and post -judgment interest;

      i. Provide to McVea all other legal and/or equitable relief this Court sees fit to grant.

## DEMAND FOR JURY TRIAL

McVea, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:
*/s/ Cherry Malichi*
Cherry Malichi 15406-49
P.O. Box 36034
Indianapolis, IN 46236
cherrymalichi@gmail.com
Attorney for Plaintiff